IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SCOTT RILEY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07 CV 6925 |
| ABBOTT LABORATORIES, INC. | ) Judge Holderman |
| | ) Magistrate Judge Ashman |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, Abbott Laboratories (improperly named as Abbott Laboratories, Inc.) ("Abbott"), by its undersigned counsel, answers the Complaint by Plaintiff Scott Riley ("Plaintiff") as follows:

    1.    Scott Riley ("Riley") is an individual residing in the State of Illinois and in this Judicial District.

**ANSWER:** Abbott is without information sufficient to either admit or deny the allegations contained in Paragraph 1, and therefore denies the same.

    2.    Abbott Laboratories, Inc. ("Abbott") is a corporation with principal offices located in North Chicago, Illinois, located in this Judicial District. Until November 11, 2005 Riley was employed by Abbott at its North Chicago offices, in the position of lab technician.

**ANSWER:** Abbott admits that its principal offices are located in this Judicial District. Abbott further admits that Plaintiff was terminated from Abbott in November 2005. Abbott denies the remaining allegations contained in Paragraph 2.

    3.    A substantial part of the events giving rise to the claim herein occurred in this judicial district. Venue is proper under 28 U.S.C. §1391(a). This case raises a federal question under the Age Discrimination in Employment

                Act, 42 U.S.C. §---*et seq* ("ADA").  Jurisdiction is proper under 28 U.S.C. §1331.

**ANSWER:**  Whether venue and jurisdiction are proper are legal conclusions to which no response is required.  To the extent that an answer is required, Abbott admits that venue and jurisdiction are proper.  Abbott admits that a substantial part of the events allegedly giving rise to Plaintiff's purported claim occurred in this judicial district.  Abbott further admits that Plaintiff purports to bring a claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  Abbott denies that Plaintiff's claim has any merit.

        4.      Attached hereto is a right-to-sue letter issued by the federal Equal Employment Opportunity Commission on October 19, 2007.  This suit is filed in less than ninety days from the date plaintiff received this notice, or on October 22, 2007.

**ANSWER:**  Abbott is without information sufficient to either admit or deny that Plaintiff received the noticed attached to the Complaint on October 22, 2007, and therefore denies the same.  Plaintiff admits the remaining allegations contained in Paragraph 4.

### COUNT I
### ILLEGAL TERMINATION UNDER THE ADEA

        5.      Riley began working for Abbott on March 25, 1196.  Riley's date of birth is January 28, 1956.

**ANSWER:**  Abbott denies the allegations contained in the first sentence of Paragraph 5.  Abbott admits the allegations contained in the second sentence of Paragraph 5.

        6.      On more than one occasion prior to plaintiff's termination Riley's boss, Walter Routh, made derogatory comments in front of others that were directed to plaintiff's age.  Plaintiff was the oldest employee in his department and the only one over 39 years of age.

**ANSWER:**  Abbott admits that Plaintiff was the oldest direct report to Walter Routh.  Abbott denies the remaining allegations contained in Paragraph 6.

7. Routh terminated plaintiff on November 11, 2005 for performance problems, despite the fact that Riley was meeting the legitimate expectations of defendant. This termination was a pretext for age discrimination. An employee under the age of 40, Denise Dejno, frequently made the mistakes plaintiff was accused of but was never disciplined, much less discharged.

**ANSWER:** Abbott admits that Walter Routh terminated Plaintiff in November 2005 for performance problems. Abbott denies the remaining allegations contained in Paragraph 7.

8. As a direct result of this illegal termination plaintiff has suffered a loss of income, profit sharing that was due to vest with him two days before he was fired, and employment opportunities that would have been available to him had he not been illegally terminated.

**ANSWER:** Abbott denies the allegations contained in Paragraph 8.

## AFFIRMATIVE DEFENSES

Defendant, Abbott Laboratories ("Abbott"), by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's Complaint:

**AFFIRMATIVE DEFENSE 1:** Abbott had good cause for terminating Plaintiff not related to his age.

**AFFIRMATIVE DEFENSE 2:** Abbott undertook good faith efforts to comply with anti-discrimination laws – including the ADEA – by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring Plaintiff's claims for liquidated damages.

**AFFIRMATIVE DEFENSE 3:** Even if it were determined that Abbott impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to taken an employment action with respect to Plaintiff (which Abbott denies), Abbott nevertheless would have taken the same action in the absence of the impermissible motive(s), thus barring Plaintiff's claim for damages.

**AFFIRMATIVE DEFENSE 4:**     Plaintiff's claim is barred to the extent that it is outside the scope of his administrative charge.

**AFFIRMATIVE DEFENSE 5:**     Plaintiff's claim for damages is barred to the extent he has failed to mitigate his damages.

**AFFIRMATIVE DEFENSE 6:**     To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

WHEREFORE, Defendant Abbott Laboratories respectfully requests that the Court enter a judgment in its favor and against Plaintiff as follows:

(a)     dismissing Plaintiff's Complaint with prejudice; and

(b)     granting Defendant Abbot Laboratories such other and further relief as the Court deems just and proper.

Dated: February 7, 2008

ABBOTT LABORATORIES

By /s/ Priya M. Bhatia _____
One of Its Attorneys

Jon E. Klinghoffer
Priya M. Bhatia
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000