IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SCOTT RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07 CV 6925 |
| | ) |
| ABBOTT LABORATORIES, INC. | ) Judge Holderman |
| | ) Magistrate Judge Ashman |
| Defendant. | ) |

**PROTECTIVE ORDER**

Upon consideration of the request of Abbott Laboratories ("Abbott") and Scott Riley ("Plaintiff") (collectively, "the parties") for a protective order and in view of the fact that discovery and trial will require the production and disclosure of documents and testimony that contain confidential, sensitive, and/or proprietary information or trade secrets requiring protection against unrestricted disclosure and use, it is hereby ordered that the parties' request for a protective order is granted, and that, subject to a determination by this Court at any time that such information is not in fact of a confidential or proprietary nature and, therefore, outside the scope of this Order, the following terms and conditions will govern the production of documents and testimony during discovery in the above-captioned matter:

1. Each document furnished in this litigation by a party or its representatives which contains or reveals any confidential business information or other confidential matter may be designated CONFIDENTIAL by stamping on each page of the document the legend CONFIDENTIAL INFORMATION or CONFIDENTIAL (hereinafter sometimes referred to as Confidential Information or Confidential). For purposes of this Protective Order, the term "document" shall include all discovery materials, such as

-2-

interrogatories, requests for admission, document requests, responses to the foregoing, affidavits, or other materials produced or provided in discovery. Documents and other discovery materials designated CONFIDENTIAL, as well as all materials which quote from or are based upon such material (including, but not limited to briefs, other papers and attorney work product) shall be subject to the provisions of this Order.

2. The term CONFIDENTIAL INFORMATION shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential." CONFIDENTIAL INFORMATION is information that is sensitive, proprietary or of a competitive nature, including:

(a) Work histories, performance ratings, or any other evaluations, including laboratory incident reports, regarding Plaintiff;

(b) Compensation, benefits, and other financial information regarding Plaintiff;

(c) Medical or health-related information concerning Plaintiff;

(d) Information about disciplinary actions, including terminations, taken against the Plaintiff and the reasons therefore;

(e) Personal information, including but not limited to the home addresses and telephone numbers of Plaintiff;

(f) Work histories, performance ratings, or any other evaluations, including laboratory incident reports, regarding past or present employees other than Plaintiff; and

(g) Information about disciplinary actions, including terminations, taken against past or present employees other than Plaintiff and the reasons therefore.

3. All documents, testimony and other materials, or portions thereof, designated as CONFIDENTIAL under this Protective Order and the contents of all such materials, as well as any duplicates, notes, memoranda and other documents referring in whole or in part to such CONFIDENTIAL INFORMATION, shall be maintained in the strictest confidence by any and all counsel for the party or parties receiving the same. Such information shall not be disclosed to any person for any purpose other than for the purpose of pursuing this litigation, and in any event shall not be disclosed to any person (if such person is not employed directly by counsel) unless and until such person executes the "Certificate of Compliance with Protective Order" attached hereto.

4. A higher level of protection shall be provided for materials designated HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL information is information relating to trade secrets, know-how and highly sensitive documents, testimony, or other information, including:

(a) Compensation benefits and other financial information regarding past or present employees other than Plaintiff; medical or health-related information concerning past or present employees other than Plaintiff; personal information, including but not limited to the home addresses, telephone numbers and social security numbers of past or present employees other than Plaintiff; and

    (b)    Any customer, licensee, supplier and vendor information; pricing, cost and other financial or marketing information; information relating to the processes, apparatus or analytical techniques to be used by a party for its proposed commercial production of products; and any other information as agreed to by the parties that a party believes in good faith could be used by a competitor to harm its business.

5.    Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following people:

    (a)    any and all counsel for the parties herein including in house counsel, attorneys appearing as "of counsel" to a party and any other attorneys in their firms employed to assist such attorneys in connection with this action;

    (b)    clerical personnel, paralegals and other persons employed by said attorneys in the course of assisting said attorneys;

    (c)    persons employed by any independent litigation support companies employed to assist said attorneys, provided that each such person shall first execute a "Certificate of Compliance With Protective Order" in the form attached hereto as Exhibit A; and

    (d)    experts, not regularly employed by a party, in counseling capacity or otherwise with any party, insofar as the attorneys who obtain such HIGHLY CONFIDENTIAL INFORMATION may deem it necessary for the preparation and trial this case to consult with such experts,

-5-

subject to the approval process set forth in Paragraph 6 of this Order, and

(e) current Abbott supervisors and/or mangers; and

(f) former Abbott supervisors and/or managers if it appears from the face of the document that such person authored or previously received a copy of it, if a foundation can be laid that establishes the document was previously communicated to or received from such person, or if counsel otherwise has a good faith basis to believe such person has previously seen the document in question. If at any time during a deposition or other examination, it appears that the former Abbott supervisor and/or manager is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness.

6. As to any and all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION disclosed during discovery, including without limitation deposition testimony, it shall be the duty of the party claiming protection for such information under this Protective Order to designate that such information is considered to be confidential and covered by this Protective Order. Such designation shall be made either on the record no later than the conclusion, termination or suspension of the deposition at which such information is disclosed, or in writing within three (3) calendar days after receipt of the transcript of the deposition, and all testimony shall be treated HIGHLY CONFIDENTIAL until said later deadline has passed.

7. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective

order. Documents containing confidential information shall **NOT** be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record.

8. A party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of another party to a person identified in Paragraphs 5(c)-(d) shall first provide to the other party a "Certificate of Compliance with Protective Order" in the form attached hereto as Exhibit A signed by the person intended to receive the CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Persons to whom disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be made by execution and delivery of a copy of Exhibit A shall be limited to the person specified in Paragraphs 5(c)-(d) of this Protective Order, and nothing contained herein shall be deemed to authorize disclosure to any other person.

9. Documents previously produced without a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation may be retroactively designated as such by notice in writing of the designated class of each document identified by bates number. Documents unintentionally produced as CONFIDENTIAL may be retroactively designated as HIGHLY

CONFIDENTIAL in the same manner and shall be treated appropriately from the date written notice of the updated designation is provided to the receiving party.

10. Nothing herein shall prevent a party hereto from using documents marked CONFIDENTIAL OR HIGHLY CONFIDENTIAL in deposing any present employee of the party which has so marked the documents in connection with the present litigation. In addition, nothing herein shall prevent a party hereto from using documents marked CONFIDENTIAL OR HIGHLY CONFIDENTIAL in deposition of a former employee of the party which has so marked the documents in connection with the present litigation, so long as that former employee is (i) the author or recipient of the information marked "Confidential," or (ii) based on evidence, is reasonably believed to have had access to the "Confidential" information in the past.

11. This Protective Order shall be without prejudice to the right of any party to bring before the Court at any time the question of:

(a) whether any particular documents, materials, testimony or information should be subject to or is entitled to a higher level of protection than that provided by this Protective Order,

(b) whether any particular documents, materials, testimony or information has been improperly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL; or

(c) whether any particular documents, materials, testimony or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIA is or is not relevant to the issues in this case.

In any such proceeding, the party seeking the higher level of protection, asserting the

protection of confidentiality or the lack of relevance of the information shall have the burden of establishing the same.

12. All information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order shall be used only for purposes of this litigation, and not for purposes of any other litigation or for any other technical, commercial or business advantage.

13. Nothing herein shall be regarded as precluding use of information in a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order which:

    (a)    is public at the time of disclosure or thereafter becomes public (unless made public by the party receiving such information);

    (b)    is or has been lawfully acquired by the receiving party from a source other than from the testimony, documents or other material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order.

In any dispute regarding whether information from a confidential document has fallen into the domain, the burden of proving confidentiality shall fall on the party who claims that the information has fallen into the public domain.

14. Third parties producing documents, testimony or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL under this Protective Order in the same manner as if produced by a party and designated hereunder.

15. At the conclusion of this litigation, by judgment or otherwise, all information designated CONFIDENTIAL shall be returned to the producing party along with all copies thereof or shall be certified as having been destroyed, except that outside trial counsel may retain one copy of such information, subject to the provisions of this Protective Order. All information designated as HIGHLY CONFIDENTIAL shall be returned to the producing party along with all copies thereof, and counsel for each side shall provide an affidavit attesting that all such materials have been retuned. All documents prepared by counsel of record or outside experts and consultants or their staffs containing summaries, abstracts or quotations of or from documents protected by this order shall, after the conclusion of this litigation, be kept within the internal files of outside counsel of record for the party creating such work product documents subject to the duties of confidentiality imposed by this Protective Order or be destroyed.

16. Neither the termination of this action nor the termination of employment of any person who had access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

17. It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to its production) does not waive the attorney-client privilege or work product immunity. In the event such documents are produced, upon request the receiving party shall unconditionally return the document, even if they believe the claim of privilege is unwarranted.

18. The production of a document or thing in whole or in part does not constitute an admission that the produced document or thing, or portion thereof, is relevant or is properly produced and does not constitute a waiver of the right to otherwise properly withhold from production any other document or thing or to object to the admissibility of such document at trial.

19. Nothing in this order shall bar or otherwise restrict any attorney from rendering advice to a party-client for the prosecution or defense of this action and in the course thereof, referring to or relying upon such attorney's examination of HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION. Nothing in this paragraph shall permit any in-house counsel not specifically named in Paragraph 3, above, access to or knowledge of HIGHLY CONFIDENTIAL INFORMATION.

20. In the event that any person or party subject to this order having possession, custody or control of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any opposing party receives from a non-party a subpoena or other process to produce such information, such person or party shall promptly notify by express mail the attorneys of record of the party claiming such confidential treatment of its CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process or order. The party or person receiving the subpoena or other process shall make a timely objection to production of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION on the

grounds that production is precluded by this Protective Order. The party whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is sought by the subpoena or other process shall have the responsibility, in its sole discretion and at its own cost, to move against the subpoena or other process, or otherwise to oppose entry of an order by a court of competent jurisdiction compelling production of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. In no event shall the person or party receiving the subpoena or other process produce CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any opposing party in response to the subpoena or other process unless and until such person or party is ordered to do so by a court of competent jurisdiction.

21.  Entry of this Protective Order shall not constitute a waiver by the parties of any objections to disclosure and/or production of any information during discovery.

22.  Nothing herein shall prevent any party from applying to the Court for a modification of this Protective Order; or from applying to the Court for further or additional protective orders; or from agreeing with the other parties to any modification of this Protective Order subject to the approval of the Court. In the event of any motion to modify this Protective Order, the receiving party shall make no disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which is the subject of such motion until the Court enters an order requiring such modification and all appeals from such order have been exhausted.

SO ORDERED, this 21st day of April 2008:

_____
MAC   Judge ~~James F. Holderman~~
         MARTIN C. ASHMAN

APPROVED AS TO FORM AND CONTENT:


/s/ Burr E. Anderson
An Attorney for Plaintiff Scott Riley



/s/ Priya M. Bhatia
An Attorney for Defendant Abbott Laboratories

-12-

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 6925 |
| | ) | |
| ABBOTT LABORATORIES, INC. | ) | Judge Holderman |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER**

I hereby certify that I have read and am fully familiar with the provisions of the Protective Order entered on _____, by Judge Holderman in the above-captioned matter, hereinafter referred to as the "Protective Order."

As condition precedent to my review or handling of any of the documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION produced pursuant to the Protective Order or my obtaining any such information contained in said documents or other materials, I hereby agree to observe and comply with all of the provisions of the Protective Order. I understand that the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION and my copies or notes relating thereto may only be disclosed to or discussed with those person permitted by the Protective Order to receive such information.

As the conclusion of my engagement in connection with this litigation, I will return all materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL

INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel of record for the party by whom 1 was retained.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Certificate of Compliance is executed on the _____ day of ____, 2008 at [City or Town]_____, and [State]_____.

_____
[Signature]

_____
Occupation/Job Title

_____
Employer

_____
Employer's Address

_____
Home Address